**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. AW-11-552 |
| | * | |
| CHARLES JOHNSON, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******************************************************************************

## **MEMORANDUM OPINION**

The Government has charged Defendant Charles Johnson with receipt of child pornography under 18 U.S.C. § 2252A(a)(2). Presently pending before the Court is Defendant's motion to suppress the evidence seized during a search executed on May 17, 2011. Docs. 19, 21. On May 25, 2012, the Court considered parties' arguments.[1] For the reasons stated below, the Court **DENIES** Defendant's Motion to Suppress.

## **BACKGROUND**

On October 12, 2011, Defendant was indicted on one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).[2] According to the Government, Defendant knowingly received child pornography and materials containing child pornography.

---

[1] In his Motion to Suppress, Defendant also moved to suppress statements made on May 17, 2011. Doc. 21. For the reasons articulated in open court, the Court denied Defendant's motion to suppress his statements. As such, this Opinion addresses only the validity of the search warrant issued on May 12, 2011, and thus whether the evidence seized pursuant to the warrant should be suppressed.

[2] Title 18, United States Code, Section 2242A applies to any person "who knowingly receives or distributes (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2).

Five months prior to the indictment, on May 12, 2011, United States Magistrate Judge Jillyn K. Schulze authorized a search and seizure warrant for 14 Martins Lane, Rockville, MD 20850. An affidavit in support of the search warrant was submitted by Special Agent ("SA") Margaret Lawford of the United States Immigration and Customs Enforcement Agency ("ICE"). SA Lawford's affidavit provided information regarding the initiation of the investigation, the tracing of illegal activities to the Martins Lane residence, and the specific images accessed by the user of the account at that address. Doc. 21-2 at 17–55.

Specifically, SA Lawford's affidavit contained the following facts. On March 19, 2010, an ICE agent accessed a publicly available website—"liberalmorality.com"—that permitted users to view, upload, and download images and videos of child pornography. Additionally, ICE identified the IP address and location of the website. Based on this information, ICE obtained the website's access logs, which detailed the website's activity from March 15, 2010 through March 19, 2010. In particular, these access logs allowed ICE to identify Internet Protocol ("IP") addresses that utilized the website, as well as match these IP addresses to the specific files accessed from each IP address.

In the course of this investigation, ICE determined that an individual associated with IP address 71.191.184.146 accessed 234 child pornography files on March 19, 2010. A review of the access logs for IP address 71.191.184.146 revealed that, as of March 19, 2010, the address was assigned to Charles J. Johnson, 14 Martins Lane, Rockville, Maryland 20850.

As indicated above, based on the aforementioned information, ICE agents obtained a federal search warrant for the Martins Lane residence on May 12, 2011. The warrant was executed on May 17, 2011, whereby agents seized several digital media items, including Defendant's laptop. A forensic examination of the laptop uncovered over 250 image files of

child pornography. On May 14, 2012, Defendant moved to suppress the evidence garnered pursuant to the search warrant.

## LEGAL ANALYSIS

The Fourth Amendment's prohibition against unreasonable searches and seizures mandates that any warrant issued must be based on probable cause. *See United States v. Ventresca*, 380 U.S. 102, 105 (1965). Probable cause to search "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the location to be searched. *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). A probable cause assessment is based on a practical, common sense analysis of the totality of the circumstances. *See United States v. Richardson*, 607 F.3d 357, 369 (4th Cir. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

The Supreme Court has recognized that a magistrate's "determination of probable cause should be paid great deference by reviewing courts." *Spinelli v. United States*, 393 U.S. 410, 419 (1969); *see also Richardson*, 607 F.3d at 369. A reviewing court's duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Hodge*, 354 F.3d 305, 309 (4th Cir. 2004) (quoting *Gates*, 462 U.S. at 238–39).

Furthermore, the Fourth Amendment's strong preference for warrants impels courts not to review supporting affidavits with "hypertechnical standards in mind; instead, courts should . . . resolve disputes in favor of the preference for warrants." *United States v. Peterson*, 294 F. Supp. 2d 797, 805–806 (D.S.C. 2003) (citing *Ventresca*, 380 U.S. at 109).

**I.       The Staleness Doctrine**

Defendant maintains that the search warrant issued on May 12, 2011 was based on information that was too stale to furnish probable cause.  Although the alleged criminal activity occurred on March 19, 2010, the warrant was not issued until May 12, 2011.  According to Defendant, this fourteen month time lapse invalidates the warrant, and thus evidence seized pursuant to the warrant must be suppressed as the fruits of an illegal search.

On issues of staleness, a court's fundamental inquiry is whether the alleged facts are so dated that, at the time of the search, it is doubtful that evidence of criminal activity can still be found at the premise searched.  *See United States v. McCall,* 740 F.2d 1331, 1336 (4th Cir. 1984); *United States v. Lamb*, 945 F. Supp. 441, 459 (N.D. NY 1996).  Although it is clear that "time is a crucial element of probable cause," *McCall*, 740 F.2d at 1335, there is no fixed rule as to a permissible time lapse.  *See id.* at 1336.  In other words, "the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *Id.* (quotations omitted).

Moreover, "[t]he mere lapse of substantial amounts of time is not controlling in a question of staleness."  *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997) (quotations omitted).  Instead, a court must evaluate the individual circumstances of each case. *McCall*, 740 F.2d at 1336.  In addition to the age of the information, a court must also consider: (1) the nature of the alleged criminal activity, (2) the nature of the evidence seized, (3) the tendency that the property evidence will be retained, and (4) the existence of a long-standing, ongoing pattern of criminal activity.  *See, e.g., Richardson*, 607 F.3d at 369; *United States v. Ramsburg*, 114 F.App'x 78, 82 (4th Cir. 2004); *United States v. Farmer*, 370 F.3d 435 (4th Cir. 2004); *McCall*, 740 F.2d at 1336; *United States v. Zimmerman*, 277 F.3d 426, 434–35 (3rd Cir. 2002).

    **A.**    **The Distinctive Nature of Child Pornography Cases**

With regards to child pornography, the consensus among courts—including the Fourth Circuit—is that information supporting probable cause is less likely to become stale, even when there exists substantial delays between the receipt of child pornography and the issuance of a search warrant.  This consensus is based on the fact that collectors and traders of child pornography share common characteristics that separate said crimes from other criminal acts.

In child pornography cases, courts often reject staleness challenges based on widespread expert opinion that collectors of child pornography store and retain their collections for extended periods of time.  *See, e.g., Richardson,* 607 F.3d at 370 ("[C]ollectors and distributors of child pornography value their sexually explicit materials highly, 'rarely if ever' dispose of such material, and store it 'for long periods' in a secure place, typically in their homes.") (quoting *Lacy*, 119 F.3d at 746); *United States v. Davis,* 313 F.App'x 672, 674 (4th Cir. 2009) ("[C]hild pornographers keep their contraband for a long time; information a year old is not stale as a matter of law . . . ."); *United States v. Sherr*, 400 F. Supp. 2d 843, 847 (D. Md. 2005); *Ramsburg,* 114 F.App'x at 82 ("[F]indings of staleness become less appropriate when the instrumentalities of the alleged illegality tend to be retained."); *United States v. Lemon,* 590 F.3d 612, 615 (8th Cir. 2010) ("Many courts, including our own, have given substantial weight to testimony from qualified law enforcement agents about the extent to which pedophiles retain child pornography."); *United States v. Watzman,* 486 F.3d 1004, 1008 (7th Cir. 2007) (rejecting challenge to probable cause where agent testified that child pornographers retain their collected materials for long periods of time); *United States v. Gourde,* 440 F.3d 1065 1072 (9th Cir. 2006) (en banc) ("The details provided on the use of computers by child pornographers and the collector profile" provide support for finding probable cause); *United States v. Ricciardelli,* 998

F.2d 8, 12 n.4 (1st Cir. 1993) ("[H]istory teaches that [child pornography] collectors prefer not to dispose of their dross, typically retaining obscene material for years.").

Furthermore, Defendant fails to cite—nor is the Court aware of—any cases where a court granted a motion to suppress evidence of child pornography based solely on a finding that the information supporting the warrant was stale.[3] Defendant relies exclusively on *United States v. Zimmerman*, 277 F.3d 426 (3rd Cir. 2002), a case that actually undermines his staleness argument. Although the *Zimmerman* court held that there was no probable cause to search the defendant's home for child pornography, this finding was based on the court's determination that the affidavit "contained no information that Zimmerman had ever purchased or possessed child pornography." *Zimmerman*, 277 F.3d at 432. In short, the warrant's lack of probable cause resulted from deficiencies unrelated to staleness.

Defendant may contend that *Zimmerman* is relevant because the court also held, based on staleness grounds, that officers lacked probable cause to search for *adult* pornography. *See Zimmerman*, 277 F.3d at 433–34. Nevertheless, this argument fails because the *Zimmerman* court clearly and emphatically differentiates the nature of adult pornography from child pornography. *See id.* at 435 ("[N]othing indicates that this logic [regarding the nature of child pornography cases] applies in the adult pornography context."). In fact, the court highlights this disparity by distinguishing *Zimmerman* from a case involving child pornography, *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997). The *Zimmerman* court explains that, unlike adult pornography, "expert opinion indicate[s] that collectors of child pornography rarely if ever

---

[3] The Court recognizes that courts have held that law enforcement lacked probable cause to search a defendant's residence for child pornography. However, it is noteworthy that courts in these scant cases found an affidavit deficient based on reasons other than staleness. *See Doyle*, 650 F.3d at 475 (finding affidavit deficient because it was completely devoid of any information as to when defendant showed victim pictures of nude children). Here, however, Defendant argues that the warrant is invalid only because too much time has lapsed.

dispose of such material and store it for long periods in a secure place, typically in their homes." *Zimmerman*, 277 F.3d at 435 (quoting *Lacy*, 119 F.3d at 746).

### B. The Nature of Forensic Testing

Additionally, the ability of forensic examiners to recover files from a computer—even those deleted by a user—impacts a court's staleness analysis. Since evidence on a computer is recoverable months or years after it has been downloaded, deleted, or viewed; the age of the information supporting a warrant is increasingly irrelevant when the object searched is stored on a computer. *See, e.g., Gourde,* 440 F.3d at 1071 ("Having paid for multi-month access to a child pornography site, Gourde was also stuck with the near certainty that his computer would contain evidence of a crime had he received or downloaded images in violation of § 2252. Thanks to the long memory of computers, any evidence of a crime was almost certainly still on his computer, even if he had tried to delete the images. FBI computer experts, cited in the affidavit, stated that 'even if . . . graphic image files [ ] have been deleted . . . these files can easily be restored.' In other words, his computer would contain at least the digital footprint of the images."); *United States v. Toups*, No. 2:06-cr-112-MEF, 2007 WL 433562, at *4 (M.D. Ala. February 6, 2007) ("Further bolstering the conclusion that the staleness calculation is unique when it comes to cases of Internet child pornography is the images and videos stored on a computer are not easily eliminated from a computer's hard drive. The mere deletion of a particular file does not necessarily mean that the file cannot later be retrieved.").

### C. Special Agent Lawford's Affidavit

SA Margaret Lawford's affidavit effectively communicates and reflects the aforementioned principles. Lawford thoroughly details the distinctive traits common to child

pornography collectors. Doc. 21-2, Aff. ¶¶ 9, 12–13. Furthermore, the affidavit meticulously explains the ability of forensic analysts to recover computer data and the increased likelihood of recovering deleted files due to the enlarged storage capacity of computers. *Id.* ¶¶ 10–12.

In light of SA Lawford's affidavit and the body of authority on staleness, the Court finds reasonable basis to conclude that a fourteen-month delay between the alleged receipt of child pornography and the search of Defendant's residence did not make the information supporting the warrant too stale to furnish probable cause. This is especially true considering the plethora of case law indicating that substantial time lapses do not invalidate a warrant in child pornography cases. *See, e.g., Richardson,* 607 F.3d 357 (four-month delay); *Sherr*, 400 F. Supp. 2d 843 (eight-month delay); *Ramsburg,* 114 F.App'x 78 (two-year delay); *United States v. Morales-Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (three-year delay); *United States v. Rabe*, 848 F.2d 994, 996 (9th Cir. 1998) (two-year delay); *Lacy*, 119 F.3d 742 (ten-month delay). In short, the Court holds that the search warrant issued on May 12, 2011 was not based on stale information.

**II.     The Nexus Between the Premise Searched and the Criminal Activity**

Defendant's second challenge to the warrant is closely related to the issue of staleness. He contends that the affidavit insufficiently satisfies the requisite nexus between Defendant's residence and the computer seized. Similarly, Defendant asserts that there was no indication that a computer used in March 2010 would be found in the same location fourteen months later.

It is well established in the Fourth Circuit that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Peterson*, 294 F. Supp. 2d at 806 (quoting *United States v. Anderson*, 851 F.2d 727, 729 (1988)). In short, a magistrate judge should utilize common sense when determining whether a sufficient nexus exists. *See id.*

Here, the totality of the evidence indicated that it was reasonable to infer that the computer used in the alleged receipt of child pornography was located at Defendant's residence. First, common sense dictates that a computer containing illicit images would be stored in a private home. *See Peterson*, 294 F. Supp. 2d at 806.  Second, Defendant's implication that the affidavit must establish that the computer used in 2010 remained in Defendant's residence is unsupported by case law.  *See Richardson*, 607 F.3d at 371 (holding that an affidavit need not include a specific allegation that the defendant was using the same computer at a new residence).

Third, SA Lawford's affidavit linked the IP address 71.191.184.146—which was used to access images on a child pornography website—to the Martins Lane residence where the warrant was executed.  The Fourth Circuit has found similar means of establishing nexus as sufficient for finding probable cause.  *See, e.g., Richardson*, 607 F.3d at 357 (finding probable cause where investigation linked defendant's email accounts, which he used to distribute child pornography, to the address where the warrant was executed); *United States v. Bynum*, 604 F.3d 161 (4th Cir. 2010) (finding probable cause where someone at address searched had uploaded suspected child pornography to the internet).

Fourth, SA Lawford's affidavit establishes that as of May 4, 2011, Defendant owned and resided at the searched location.  See Doc. 21-2, Aff. ¶¶ 26–31.  The Court acknowledges that "[t]he critical element in a reasonable search is not that the owner of the property is suspected of a crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought."  *Doyle*, 650 F.3d at 471 (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978)).  Nevertheless, Defendant's continued ownership of the residence eliminates the possibility that a prior resident performed

the alleged acts.  Moreover, Defendant's continued occupation of the Martins Lane residence allows one to reasonably infer that the computer utilized in March 2010 had not been moved.

Lastly, although not dispositive, the Court notes that Defendant referred only the computer in his argument concerning nexus.  This ignores the fact that the warrant provided for the search and seizure of items other than a computer, such as: financial records; notes, documents, records, or correspondence in any format and medium; diaries; address books; video tapes; and video recording devices.  *See* Doc. 21-2 at 59, Attach. B.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress Evidence. A separate order will follow.

|  |  |
|---|---|
| June 5, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |