IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. AW-11-552 |
| | * | |
| CHARLES JOHNSON, | * | |
| | * | |
| Defendant | * | |
| | * | |

*****************************************************************************

## MEMORANDUM OPINION

On June 14, 2012, a jury convicted Defendant Charles Johnson of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Presently pending before the Court is Defendant's Motion for a New Trial.  Doc. No. 59.  On November 8, 2012, the Court considered the parties' arguments.  For the reasons stated in open court and elaborated below, the Court **DENIES** Defendant's Motion for a New Trial.

## LEGAL ANALYSIS

Defendant argues that the jury instruction concerning the first element of receipt—that the defendant knowingly received a visual depiction—misstates the law.  Specifically, Defendant challenges the sentence: "Receiving includes viewing an image online regardless of whether the image is downloaded."  Defendant maintains that the statement indicates to the jury that he can be convicted of receiving child pornography by simply viewing the image, regardless of any knowledge that the image was saved on his computer or of any intention to control the image.

1

However, Defendant improperly fixates on a single sentence rather than the jury instructions in its entirety. *See United States v. Jeffers*, 570 F.3d 557, 566 (4th Cir. 2009) ("In assessing the propriety of instructions, we will not reverse a conviction so long as the instructions, taken as a whole, adequately state the controlling legal principles."). The instruction defining receipt states:

> ***To receive a visual depiction means to take possession of it.*** Receiving includes viewing an image online regardless of whether the image is downloaded.
> The government ***must prove that the defendant received the depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally*** and not because of accident, mistake or some other innocent reason.

Doc. No. 49 at 38 (Jury Instruction No. 34, First Element – Receipt) (emphasis added). Not only does the instruction clearly convey that receipt requires voluntary and intentional action, the jury is instructed that "[t]o 'possess' something means to have it within a person's control." *Id.* at 47 (Jury Instruction No. 43, First Element – Possession). Thus, the instruction imparts to the jury that intent to control and possess—rather than mere viewing—child pornography is necessary to find the Defendant guilty of receipt.

In fact, throughout the jury instructions, the requirement of scienter is continually emphasized. *See* Doc. No. 49 at 36 (Jury Instruction No. 32, Indictment and the Statute) ("[T]he defendant, Charles Johnson, did knowingly receive child pornography . . . ."), 37 (Jury Instruction No. 33, Count One – Elements of the Offense) ("In order to prove the defendant guilty of Count One, receipt of child pornography, the government must prove . . . the defendant knowingly received a visual depiction . . . ."), 44 (Jury Instruction No. 40, Fourth Element – Knowledge or Awareness) ("The fourth element which the government must prove beyond a reasonable doubt is that the defendant had knowledge or an awareness that the material contained

a visual depiction of a minor engaged in sexually explicit conduct."), 45 (Jury Instruction No. 41 – Indictment and the Statute) ("[T]he defendant, Charles Johnson, did knowingly possess any material that contained an image of child pornography . . . ."), 46 (Jury Instruction No. 42 – Elements of the Offense) ("In order for the defendant to be found guilty of Count Two, possession of child pornography, the United States must prove . . . the defendant knowingly possessed a visual depiction . . . ."). When reviewed as a whole, it is clear that the Court instructed the jury to convict Defendant of receipt of child pornography only if they found sufficient evidence that he intentionally accepted and controlled images of child pornography.

*Assuming arguendo* that the contentious sentence is misleading, any error was harmless. Defendant concedes that the fundamental issue under Section 2252A(a)(2) is not whether a defendant views rather than downloads illicit images. *See United States v. Roszczipka*, No. 11-5121, 2012 WL 1592995, at *1 (4th Cir. May 8, 2012) ("A defendant may 'receive' child pornography by viewing it online, regardless of whether he downloads the material."). Instead, it is the "element of scienter [that] carries critical importance" in determining whether a defendant is guilty of receipt of child pornography. *United States v. Pruitt*, 638 F.3d 763, 766 (4th Cir.); *see United States v. Dobbs*, 629 F.3d 1199, 1204 (10th Cir. 2011) ("[M]ere receipt of child pornography is not what is proscribed by § 2252(a)(2); rather, it is the *knowing* receipt of this illegal content that is punishable under the statute."); *United States v. Tucker*, 305 F.3d 1193, 1205 (10th Cir. 2002) ("Since [defendant] knew his browser cached the image files, each time he intentionally sought out and viewed child pornography with his Web browser he knowingly acquired and possessed the images."); *Aguilar-Turcios v. Holder*, 691 F.3d 1025, 1040 n. 23 (9th Cir. 2012) ("It is possible to 'posses' a visual depiction by visiting an Internet site if the image from the site is saved in a cache file and there is some evidence that the defendant has knowledge

of and access to the files.") (quotations omitted); *United States v. Kuchinski*, 469 F.3d 853, 861 (9th Cir. 2006) ("[A] person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it.") (quotations omitted).

Here, Defendant asserts that there is insufficient evidence to prove that he knowingly received the contents of a .RAR file, which the government found on his laptop and used in support of the receipt charge. He argues that the file's illicit images were automatically downloaded into a temporary internet folder and that their presence does not demonstrate that he intended to control the images.

However, a mountain of evidence establishes that Defendant knowingly and intentionally accepted child pornography. Expert testimony revealed that the .RAR file was downloaded onto Defendant's laptop because he took several voluntary actions. First, Defendant downloaded a piece of software called jZip, which is most commonly used to extract .RAR files. The Defendant then procured the password necessary to open the file. Subsequently, Defendant opened the jZip program, entered the password, and hit an "extract" button. It is only after Defendant deliberately carried out these numerous actions that the images were viewed and the file was downloaded. Additionally, the evidence indicates that Defendant had knowledge of and access to the files because he selected the directory where the jZip program would be downloaded. In other words, Defendant determined the location where any files extracted by jZip would be stored. Moreover, the government introduced evidence that Defendant had viewed a video stored in the jZip folder, further demonstrating Defendant's ability to control the illicit images and videos found on his laptop.

The record is also replete with additional direct and indirect evidence indicating that Defendant knowingly received child pornography to exercise dominion and control over the

images. Through witness testimony and the web access logs of a child pornography website, the government demonstrated that over a four-day period, Defendant viewed over 43 pages of child pornography on that website. In order to do so, Defendant was required to actively scroll down an entire page of images before he could move onto the next page. Defendant also enlarged 18 of these images for better viewing. Furthermore, a computer forensic expert testified that he identified 325 images and three videos of child pornography stored in four locations on Defendant's laptop, including a user created Word document. His review of Defendant's internet history also revealed that Defendant visited other popular child pornography websites and downloaded files with titles that clearly specified the images as child pornography. Lastly, a special agent testified that when the search warrant was executed, Defendant admitted to actively downloading child pornography for the past year. He also confessed that he finds children sexy and that he used child pornography to get aroused when his wife was traveling for work.

In the face of such overwhelming evidence, no reasonable jury could find Defendant not guilty of knowingly receiving child pornography. Therefore, any error created by one sentence in the receipt instruction was harmless, and there is no basis for a new trial.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion for a New Trial. A separate order will follow.

  November 13, 2012  
      Date

/s/  
Alexander Williams, Jr.  
United States District Judge